Stuart R. Whitehair, P.C.
Attorney at Law
2123 Durston Road, Suite 17
Bozeman MT 59718
Telephone: (406) 587-4200
Fax: (406) 587-4950
E-mail: stuartwhitehair@gmail.com

State Bar I.D. Number 3069
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| IN RE:<br><br>ROBBIE LEE SELF,<br><br>Debtor | Case No. 2:22-bk-20010<br><br>**CHAPTER 13 PLAN DATED March 7, 2022** |
|---|---|

**To Debtor:** In the following notice to creditors, you must check each box that applies:

**To Creditors:** Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. If you oppose the Plan's treatment of your claim or any provision of this Plan, you must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Plan without further notice if no objection to confirmation is filed.

\_\_\_\_   \_X\_\_   This Plan contains non-standard provisions in paragraph 11.
Yes    No

\_\_\_\_   \_X\_\_   This Plan limits the amount of secured claims in paragraph 2(b) which may result in
Yes    No    a partial payment or no payment at all to the secured creditor.

\_\_\_\_   \_X\_\_   This Plan avoids a security interest or lien in paragraph 11.
Yes    No

**1. FUTURE EARNINGS/INCOME.** The future earnings and other income of the Debtor is submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor shall pay to the Trustee the sum of **$225.00** each month for a term of sixty (60) months, or until all of the provisions of this Plan have been completed. Plan payments shall commence within thirty (30) days following the filing of the Petition. The Debtor shall make payments directly to the Trustee until his wage deductions begin.

**2. PAYMENTS/DISBURSEMENTS.** From the payments so received, the Trustee shall make disbursements as follows:

**(a) Administrative Claims.** The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

| | |
|---|---|
| Estimated total attorney fees: | $4,000.00* |
| Estimated total costs: | + $ 437.00 |
| Total estimated attorney fees and costs: | = $ 4,437.00 |
| Less retainer: | – $ 1,500.00 |
| TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN: | $ 2,937.00 |

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in F.R.B.P. 2016(b).

**(b) Impaired Secured Claims.** After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim * | Rate of % |
|---|---|---|---|
| N/A | | | |

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

**(c) Unimpaired Secured Claims.** The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Claim No. | Description of Collateral |
|---|---|---|
| New American Funding | N/A | Debtor's residence |
| Sky Federal Credit Union | N/A | 2012 Ford F-350 |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Amount of Arrearage** |
|---|---|
| N/A | |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

**(d) Domestic Support Obligations**.  After the payments provided for above, the Trustee shall pay all allowed pre-petition domestic support obligations.  Such allowed claims for pre-petition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| **Creditor** | **Complete Address** | **Claim Amount** |
|---|---|---|
| N/A | | |

**(e) Priority Claims**.  After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

**(f) General Unsecured Claims**.  After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

**(g) Liquidation Analysis**.  The total amount distributed under paragraphs 2(d), (e) and (f) above will be at least $7,000.00 which exceeds what would be available to pay unsecured claims if the Debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code.  A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

**3.  ASSUMPTION OF CONTRACTS OR LEASES.**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

**Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the Debtor, as specified below, <u>subject to any contrary Court order</u>. Arrearage payments will be distributed by the Trustee.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Monthly amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Current installment payments on _____N/A_____ disbursed by: \_\_\_ Trustee \_\_\_ Debtor.

**4. SURRENDER OF PROPERTY.** The Debtor surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules. Upon confirmation, the stay that arose under 11 U.S.C. § 362 and 11 U.S.C. § 1301 immediately terminates without further order. The termination does not authorize actions for personal liability or property not surrendered.

| **Secured Creditor** | **Description of Collateral** |
|---|---|
| Freedom Financial | 2016 Arctic Cat Wildcat Trail |
| Sky Federal Credit Union | 2013 Ford F-150 |

**5. POST-PETITION SECURED DEBT:** The Debtor reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor's performance under this Plan.

**6. REPORT OF CHANGES IN INCOME:** The Debtor shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

**7. DECLARATIONS:** Under penalty of perjury, Debtor affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

**8. VESTING OF PROPERTY OF THE ESTATE:** Property of the estate shall revest in the Debtor upon (Check the applicable box):

- ■ Plan confirmation.
- ❏ Closing of the case.
- ❏ Other: _____.

**9. PREVIOUS BANKRUPTCIES, AND DISCHARGE:** (Check one)

☐ Debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 11 U.S.C. § 1328(f).

■ Under penalty of perjury, Debtor declares that she has not received a discharge in a previous bankruptcy case that would cause his to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

**10. INCOME TAX REFUNDS:** Debtor, within 14 days of filing the return, will supply the Trustee with a copy of each tax return filed during the Plan term (Check one):

☐ Debtor will retain any tax refunds during the Plan term and have included them in Debtor's budget.

■ Debtor will turn over the Trustee all income tax refunds received during the Plan term.

☐ Debtor projects no tax refunds. Any tax refunds received during the term of the Plan will be turned over to the Trustee.

☐ Turn over the Trustee a portion of any income tax refunds received during the Plan term as specified below.

_____

**11. NON-STANDARD PLAN PROVISIONS.**

■ None.

If "None" is checked, the rest of Paragraph 11 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below. **These Plan provisions will be effective only if the applicable box on Page 1 of this Plan is checked.**

**12. CERTIFICATION**.  No changes have been made to the form required by Montana Local Bankruptcy Rules except those referenced in Paragraph 11 and the Debtor is not seeking confirmation of any provisions not allowed under the Federal Rules of Bankruptcy Procedure.

DATED this 7th day of March, 2022.

/s/ Robbie Lee Self
Debtor


/s/ Stuart R. Whitehair
Attorney for Debtor

# CERTIFICATE OF MAILING

      I, the undersigned, do hereby certify under penalty of perjury that on the 7th day of March, 2022, a copy of the foregoing was served by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or by mail on the following parties:

Sky Federal Credit Union
PO Box 1690
Livingston MT 59047

New American Funding
PO Box 650076
Dallas TX 75265-0076

Freedom Financial
10509 Professional Circle, Suite 100
Reno NV 89521

Bozeman Health
915 Highland Boulevard
Bozeman MT 59715

Citibank South Dakota
PO Box 78045
Phoenix AZ 85062

Credit One Bank
PO Box 60500
City of Industry CA 91716

JP Morgan Chase
PO Box 6294
Carol Stream IL 60197

American Express
PO Box 981535
El Paso TX 79998

Goldman Sachs Bank USA
PO Box 7247
Philadelphia, PA 19170

Bank of the West
PO Box 2180
Omaha NE 68103

Credit Systems, Inc.
DBA Rocky Mountain Professional Solutions
PO Box 875
Helena MT 59624

LVNV Funding, LLC
PO Box 10497
Greenville, SC 29603

Messerli & Kramer, PA
3033 Campus Drive, Suite 250
Plymouth MA 55441


/s/ Katie Sylvis
Katie Sylvis, Legal Assistant